JAMES M. PETERSON, ESQ. (Bar No. 137837)
peterson@higgslaw.com
DEREK W. PARADIS, ESQ. (Bar No. 269556)
paradisd@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendant
O'REILLY AUTO ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN TABOADA HEREDIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-03892<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>CASE FILED:  March 30, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendant O'REILLY AUTO ENTERPRISES, LLC ("Defendant"), hereby removes the action described below from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(b).  This case is being removed upon grounds of diversity and supplemental jurisdiction as follows.

///

///

///

10182829.1

## STATEMENT OF THE CASE

1. On March 30, 2021, Plaintiff ADRIAN TABOADA HEREDIA ("Plaintiff") filed a lawsuit in the Superior Court of the State of California, County of Los Angeles, entitled Heredia v. O'Reilly Auto Enterprises, LLC, et al., Case No. 21TRCV00244.

2. Defendant was served with the Summons and Complaint on April 8, 2021. Defendant answered the Complaint in Superior Court on May 5, 2021.

3. The above-mentioned suit is a civil action for money damages against Defendant in which Plaintiff alleges two causes of action for: (1) Discrimination (Medical Condition/Disability, California Government Code §12940(a)) ("FEHA"), and (2) Failure to Take All Reasonable Steps to Prevent Discrimination (California Government Code §12940(k)). Plaintiff's allegations are in connection with his former employment with Defendant.

4. Plaintiff seeks general and special damages, punitive damages, attorneys' fees, and injunctive relief.

5. In accordance with 28 U.S.C. section 1446(a), a copy of all process and pleadings received and served by Defendant are attached to the Declaration of Derek W. Paradis as **Exhibits A and B**.

## TIMELINESS OF REMOVAL

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). This Notice of Removal is timely. Defendant was served with a copy of the complaint on April 8, 2021. This Notice of Removal was filed on May 7, 2021. Thus, this Notice of Removal was filed within the 30-day statutory period for filing. 28 U.S.C. § 1446(b).

/ / /

/ / /

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10182829.1

2

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

7. The consent of fictitious "Doe" defendants is not required because they have not been served. Thus, Defendant is the only party who must consent to removal.

## BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

8. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

**A.   Amount in Controversy.**

9. For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for compensatory and general damages, attorney's fees, and punitive damages. Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002), quoting Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

10. Plaintiff seeks money damages for past and future lost wages. (Complaint, (Ex. A) at Prayer for Relief.) Prior to his separation of employment on or about August 14, 2020, Plaintiff was earning approximately $54,030 per year with O'Reilly. (Paradis Decl., ¶ 6.) As of the date this Notice of Removal was filed, there have been approximately 37-weeks for which Plaintiff may claim lost wages. Thus, the amount of lost wages in controversy since the date of Plaintiff's separation of employment, is approximately **$38,444.42** ($54,030 / 52 weeks x 37 weeks). In addition, given that the trial date has not yet been set, and because it is unknown whether Plaintiff will still be unemployed at that time, additional lost wages and benefits may accrue.

///

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10182829.1

3

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

11. Plaintiff also claims money damages for emotional distress and general damages. (Complaint, (Ex. A) at Prayer for Relief.) See <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); see also <u>Richmond v. Allstate Ins. Co.</u>, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, even where vaguely pled, can be potentially substantial).

12. Plaintiff also seeks punitive damages. (Complaint, (Ex. A) at Prayer for Relief.) "It is well established that punitive damages are part of the amount in controversy in a civil action." <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages are intended to punish, and are often based upon the net worth of the defendant. The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. <u>Bertero v. National General Corp.</u>, 13 Cal.3d 43, 65 (1974).

13. Where attorney's fees are recoverable by a plaintiff either through statute or contract, the fee claim is included in determining the amount in controversy. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-1156 (9th Cir. 1988); see <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 1000 (9th Cir. 2007) (stating attorney's fees are included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language). Even in a case where the damages are relatively small, attorneys' fees can still be significant. See <u>Simmons v. PCR Technology</u>, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that, in the Court's twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the damages).

14. Plaintiff seeks a monetary judgment against Defendant, however, Plaintiff did not expressly allege the amount in controversy on the face of his Complaint. Nevertheless, it is apparent on the face of Plaintiff's Complaint that the

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10182829.1                 4

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

amount in controversy in this action, exclusive of interests and costs, will exceed $75,000, assuming arguendo that Plaintiff is able to prevail on his claims against Defendant, as Plaintiff prays for: (a) general damages, (b) special damages, (c) punitive damages, (d) attorney's fees, and (e) injunctive relief.  (Ex. A, Prayer for Relief.)

15. As demonstrated above, the Complaint in this action contains claims that clearly exceed the $75,000 amount in controversy requirement (indeed, his claims for economic damages, noneconomic damages, attorneys' fees, and punitive damages could *each* exceed the $75,000 jurisdictional requirement at the time of trial).  Defendant does not concede Plaintiff's claims have any merit, and provides the foregoing calculations and damage analysis solely to demonstrate that the amount in controversy, based on the relief sought in this action by Plaintiff, exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332(a) and 1441(a).

**B.     Diversity of Citizenship.**

16. At the time the action was commenced, Plaintiff was, and is still, domiciled in the State of California.  (Complaint (Exh. A), at ¶ 3.)

17. Defendant O'REILLY AUTO ENTERPRISES, LLC is a Limited Liability Company which is organized and existing under the laws of the State of Delaware, with its principal place of business located in Springfield, Missouri.  (Merz Decl., ¶ 4.)

18. For purposes of diversity, a limited liability company (LLC) is a citizen of "every state of which its owners / members are citizens."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006).  O'REILLY AUTO ENTERPRISES, LLC has only one owner / member which is OZARK SERVICES, INC.  (Merz Decl., ¶ 5.)

/ / /

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10182829.1                                    5

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

19. A corporation is deemed to be a citizen of the states where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (2010). OZARK SERVICES, INC. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Springfield, Missouri. (Merz Decl., ¶ 5.)

20. Diversity of citizenship exists because Defendant (Delaware / Missouri) is not a citizen of the same state as Plaintiff (California). 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(b)(2).

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

21. Plaintiff originally filed his Complaint in the Superior Court of California for the County Los Angeles, which is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(c) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. section 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that Notice with the Superior Court of California, County of Los Angeles. True and correct copies of the notice to Plaintiff and to the state court shall be filed and/or served promptly.

## JURY TRIAL DEMAND

23. Defendant hereby demands a jury trial.

///
///
///
///
///
///

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10182829.1

6

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

## **CONCLUSION**

Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of Los Angeles be removed to this Court.

DATED: May 7, 2021               HIGGS FLETCHER & MACK LLP


By: */s/ Derek W. Paradis*
   JAMES M. PETERSON, ESQ.
   DEREK W. PARADIS, ESQ.
   Attorneys for Defendant
   O'REILLY AUTO ENTERPRISES, LLC

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10182829.1

7

CASE NO. 2:21-cv-03892
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)